```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID MARDIS,                       :
          Plaintiff,                :
     v.                             :    Civil Action No. 05-218J
JEFFREY BEARD, SECRETARY,           :
PENNSYLVANIA DEPARTMENT OF          :
CORRECTIONS, and SUSAN DARR,        :
MAIL ROOM INSPECTOR, S.C.I.         :
SOMERSET,                           :
          Defendants                :
```

## MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

On September 22, 2006, the Magistrate Judge filed a Report and Recommendation, docket no. 15, recommending that the defendants' motion to dismiss, docket no. 8, be denied in part and that the complaint be dismissed pursuant to 28 U.S.C.§ 1915A because if plaintiff stated a claim the defendants were entitled to qualified immunity from liability for damages, and the plaintiff's other requests for relief were moot.

The parties were notified that pursuant to 28 U.S.C.§ 636(b)(1), they had ten days to serve and file written objections to the Report and Recommendation. Plaintiff filed objections, docket no. 16, arguing that defendants were not qualifiedly immune, that the publication should not have been rejected even under the Pennsylvania Department of Corrections' own guidelines, and that

plaintiff had an independent constitutional right to be informed why the publication he subscribed to was rejected at the mail room.

Taking those objections in reverse order, the right to notice when a publication is rejected is for rejections based on content, see Procunier v. Martinez, 416 U.S. 396, 418-19 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989). Here, plaintiff alleges the rejections were not based on content. Although it might be advisable as a matter of policy to notify an inmate whenever a piece of correspondence has been refused, as a matter of constitutional law plaintiff has no more right to be advised that a publication was rejected because it was sent bulk mail than he has a right to be notified that a piece of correspondence was rejected because postage was due.

Plaintiff also complains that the defendants did not even follow their own rules. The claim that a state official did not follow the state's rules is not a claim within this court's jurisdiction. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984).

Plaintiff argues that the Ninth Circuit's decisions in Prison Legal News v. Lehman, 397 F.3d 692 (9th Cir.2005) and Prison Legal News v. Cook, 238 F.3d 1145 (9th Cir.2001), clearly establish that defendants are not entitled to qualified immunity if they rejected his subscription for being sent bulk rate. In Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 130-131

(1977), the Supreme Court observed that a ban on bulk mail "barely implicated" the First Amendment because loss of "cost advantages [from being able to mail in bulk] does not fundamentally implicate free speech values." To the extent that prison officials are charged with knowledge of constitutional law, they reasonably could have believed, on the authority of Jones, that they could reject a publication because it was mailed at a bulk rate. They are therefore entitled to the defense of qualified immunity.

After de novo review of the record of this matter together with the Report and Recommendation, and the objections thereto, the following order is entered:

AND NOW, this 12th day of October, 2006, it is

ORDERED that plaintiff's complaint is dismissed for the reasons set forth in the Report and Recommendation, which is adopted as the opinion of the Court.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice to:

    David Mardis AJ-2739
    S.C.I. Somerset
    1600 Walters Mill Road
    Somerset, PA 15510

    Christian Bareford, Esquire
    5th Floor Manor Complex
    564 Forbes Avenue
    Pittsburgh, PA 15219